UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
RASHEEN BAXTER,                                          15-CV-1027(RRM)(LB)

                      Plaintiff               <u>**AMENDED COMPLAINT**</u>

                                      <u>Jury Trial Demanded</u>

  - against –

THE CITY OF NEW YORK, SGT. IGNAZIO CONCA
Shield No. 906, P.O. CHRISTIAN CATALDO
Shield No. 4133, DET. STEPHEN DIMASSA
Shield No. 4610, P.O. GREGORY HOWARD
Shield No. 18811, CAPT. THOMAS KAMPER,
CAPT. ANTHONY LONGOBARDI, CAPT. JOSEPH
MEMOLY, LT. STEVEN NICHOLS CAPT. JOSEPH
NOTARO and INSPECTOR JOHN SPRAGUE,


                             Defendants.
------------------------------------------X


     Plaintiff, **RASHEEN BAXTER**, by his attorneys, THE LAW OFFICE OF KAREEM R. VESSUP ESQ., complaining of the defendants, respectfully alleges as follows:

<u>**PRELIMINARY STATEMENT**</u>

     1.   This is a civil rights action in which the Plaintiff, **RASHEEN BAXTER**, seeks relief for the Defendants' violations of his rights secured by 42 U.S.C. § 1983, by the United States Constitution, including its First, Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

<u>**JURISDICTION AND VENUE**</u>

     2.   This action is brought pursuant to 42 U.S.C. §§ 1981,

1983, 1986, and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.  Plaintiff asserts supplemental state law claims pursuant to New York state common law and the New York State Constitution.

3.  Jurisdiction is found upon 28 U.S.C. §§ 1331 and 1343. Supplemental jurisdiction is found upon 28 U.S.C. § 1367.

4.  Venue in this District is proper under 28 U.S.C. § 1391 in that the claims alleged herein arose within this District.

### JURY DEMAND

5.  Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

### PARTIES

6.  At all times alleged herein Plaintiff **RASHEEN BAXTER** was a resident of Richmond County, New York.  Plaintiff is currently a resident of Queens County, New York.

7.  Defendant **THE CITY OF NEW YORK** was and is a municipal corporation duly organized and existing under by virtue of the laws of the State of New York.

8.  Defendant **THE CITY OF NEW YORK** maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized police department which acts as its agent for purposes of law enforcement and for which Defendant **THE CITY OF NEW YORK** is ultimately responsible.

9.  That at all times hereinafter mentioned, the individually named Defendants, **SERGEANT IGNAZIO CONCA, P.O.**

**CHRISTIAN CATALDO, DET. STEPHEN DIMASSA, P.O. GREGORY HOWARD, CAPT. THOMAS KAMPER, CAPT. ANTHONY LONGOBARDI, CAPT. JOSEPH MEMOLY, LT. STEVEN NICHOLS, CAPT. JOSPEH NOTARO and INSPECTOR JOHN SPRAGUE,** were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said Defendants while acting within the scope of their employment by Defendant **THE CITY OF NEW YORK.**

<u>FACTS</u>

12. On October 24, 2012 at approximately 8:10 p.m. Plaintiff was lawfully riding his bicycle at or near the corner of Ely Street and Corson Avenue in Staten Island, New York.

13. In and around that area Plaintiff stopped his bike to talk on his cellphone and smoke a cigarette.

14. Plaintiff was approached by Defendants **DET. STEPHEN DIMASSA** and **P.O. CHRISTIAN CATALDO** who were occupants of a silver unmarked sedan.

15. These Defendants blocked Plaintiff's path with the

sedan by pulling their vehicle in front of Plaintiff.

16.   These Defendants aggressively jumped out of their vehicle without badges and without announcing they were police officers.

17.   In fear, Plaintiff quickly rode off on his bike around the corner.

18.   While still riding his bike Plaintiff observed a second vehicle, this time an unmarked black Pontiac sedan driving the wrong way down a one-way street toward Plaintiff

19.   Two individuals aggressively jumped out of this vehicle as well.  However one of the two officers had a badge on letting Plaintiff know that these were police officers.  Upon information and belief these two officers were Defendants **SGT. IGNAZIO CONCA** and **P.O. GREGORY HOWARD.**

20.   Upon seeing this Plaintiff immediately dismounted his bicycle, dropped a bag he was holding and raised his hands.

21.   Despite Plaintiff's compliance these Defendants attacked Plaintiff by knocking him to the ground, beating and punching him about his face and body.  The beating continued even after Plaintiff was handcuffed.

22.   The force used on Plaintiff was excessive and unreasonable under the circumstances.

23.   Plaintiff was shoved into the rear of one of the unmarked police cars and transported to the NYPD 120th Precinct bloodied and injured.

4

24. While in police custody Plaintiff begged for medical care and specifically to be taken to a hospital. The Defendants refused Plaintiff medical care and treatment despite preparing reports and records noting Plaintiff was injured.

25. Upon information and belief, the Defendants prepared reports containing false information indicating that Plaintiff refused medical attention which was not true.

26. Once Plaintiff arrived at the NYPD 120th Pct. Plaintiff was strip searched in that he was made to remove all of his clothes, squat, cough and spread his buttocks and lift his scrotum. Thereafter Plaintiff was placed in a holding cell.

27. Plaintiff was held in custody at the NYPD 120th Precinct from October 24, 2012 to October 26, 2012 without the ability to shower, shave, change his clothes, groom himself or tend to his injuries.

28. Plaintiff was required to remain in a holding cell that was not designed for individuals to be held more than 24 hours. Plaintiff was forced to sleep without bedding on the floor or on a concrete bench.

29. Plaintiff was deprived of food and/or water or other drink, except that on one occasion Plaintiff was offered a stale partially eaten bagel.

30. Plaintiff was deprived of the ability to make telephone calls to advise friends or loved ones about his status.

31. Upon information and belief, the Defendants again

5

prepared reports containing false information indicating that Plaintiff refused to be fingerprinted and retinal scanned when in fact Plaintiff never refused to be fingerprinted or scanned. Plaintiff did not have a retinal scan due to his injuries.

32. Upon information and belief, Defendants chose not to forward an arrest photograph of the Plaintiff to the District Attorney's Office because the photograph either depicted or would have depicted Plaintiff's physical condition and certain of Plaintiff's injuries.

33. Upon information and belief, Defendants failed to provide an arrest photograph to the District Attorney's Office in order to cover up the excessive and unreasonable force that was used on Plaintiff and to avoid an investigation into the propriety of Defendants' treatment of Plaintiff.

34. As a result of the information that was transmitted by Defendants to the Richmond County District Attorney's Office a criminal prosecution was initiated against Plaintiff **RASHEEN BAXTER** in Richmond County Criminal Court under Docket No.: 2012RI009711.

35. At the time of his arraignment Plaintiff was given notice that the information provided by Defendants to the Richmond County District Attorney's Office was false and misleading and resulted in Plaintiff being charged with one or more crimes that he was not guilty of.

36. Plaintiff entered a plea of not guilty. He was

6

released on his own recognizance and dutifully appeared at each court date over the next two years.

37. During the course of the criminal proceeding Defendants prepared sworn statements including one or more supporting depositions with full knowledge that such documents were necessary to continue the criminal prosecution against Plaintiff.

38. Upon information and belief Defendants provided incomplete documents and reports to the District Attorney's Office with the full knowledge that those documents would be turned over to the Criminal Defendant who in this case was Plaintiff **RASHEEN BAXTER.**

39. The criminal prosecution against Plaintiff continued until November 20, 2014 at which time all charges were dismissed and sealed.

40. As a result of the arrest of Plaintiff on October 24, 2012 Plaintiff, who was on probation at the time, was subjected to Violation of Probation proceedings.

41. All of the Defendants named herein either participated in Plaintiff's assault, unlawful arrest, mistreatment, refusal of medical attention and/or malicious prosecution directly, or were supervisors or investigators who failed to intervene, properly supervise, prevent or appropriately punish those responsible for Plaintiff's mistreatment.

42. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of **THE CITY OF NEW**

**YORK**, including, without limitation, the inadequate screening, hiring, retaining, training and supervision of its employees.

43. The above described incident is not an isolated event. Defendant **THE CITY OF NEW YORK** is aware (from lawsuits, notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau, and **THE CITY OF NEW YORK'S** Civilian Complaint Review Board) that many NYPD officers are insufficiently trained regarding the appropriate use of force and that many officers engage in falsification.

44. Specifically, one or more of the Defendants named herein have been the subject of prior CCRB complaints, prior notices of claim, prior internal affairs complaints and investigations and/or prior lawsuits without appropriate retraining, supervision or discipline by **THE CITY OF NEW YORK.**

45. Moreover, upon information and belief, Defendant **THE CITY OF NEW YORK** was aware, prior to the incident, that the individual Defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite this notice, Defendant **THE CITY OF NEW YORK** has retained these officer and failed to adequately train and supervise them.

46. As a result of the foregoing, Plaintiff **RASHEEN BAXTER** sustained physical injuries, emotional distress, embarrassment, humiliation and deprivation of his constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

47.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "46" with the same force and effect as if fully set forth herein.

48.   All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

49.   All of the aforementioned acts deprived Plaintiff **RASHEEN BAXTER** of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the United States Constitution, and in violation of 42 U.S.C. §§ 1981 and 1983.

50.   The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

51.   The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of **THE CITY OF NEW YORK** and the New York City Police Department, all under the supervision of ranking officers of said department, including certain individual named Defendants.

52.   Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective

9

municipality which is forbidden by the United States Constitution.

53.   As a result of the foregoing, Plaintiff **RASHEEN BAXTER** is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
<u>(False Arrest/Imprisonment under 42 U.S.C. § 1983)</u>

54.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.   As a result of the Defendants' acts of misconduct, Plaintiff **RASHEEN BAXTER** was arrested without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

56.   Defendants caused Plaintiff to be falsely arrested and unlawfully imprisoned.

57.   Said false arrest and unlawful imprisonment violated Plaintiff's rights as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution.

58.   As a result of the foregoing, Plaintiff **RASHEEN BAXTER** is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus

reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. §1983)

59.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.   As a result of the above described misconduct by Defendants, a malicious prosecution was initiated, commenced and continued against Plaintiff in Richmond County Criminal Court.

61.   Said prosecution continued without any probable cause until all charges were dismissed and sealed on or about November 20, 2014.

62.   As a result of the foregoing, Plaintiff **RASHEEN BAXTER** is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Unreasonable Search under 42 U.S.C §1983)

63.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.   Defendants unreasonably searched Plaintiff by causing

him to submit to a "strip frisk search" while at the NYPD 120th Precinct.

65. Said search required Plaintiff to remove all of his clothes, squat and spread the cheeks of his buttocks to expose his anus, cough, lift his scrotum to expose the area behind his genitals and open his mouth while shifting his tongue from side to side.

66. Defendants lacked the individualized reasonable suspicion necessary to perform such a search on Plaintiff.

67. As a result of said search Plaintiff was caused to suffer emotional distress, embarrassment and humiliation.

68. As a result of the foregoing, Plaintiff **RASHEEN BAXTER** is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

69. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70. Defendants subjected Plaintiff to the use of unreasonable and unlawful force in that they struck him repeatedly about various parts of his body including, but not limited to, his

12

face without proper cause or justification.

71.   As a result, Plaintiff sustained injuries to his person including, but not limited to, bruising, contusions and swelling to various parts of his body including his face.

72.   As a result of the foregoing, Plaintiff **RASHEEN BAXTER** is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. §1983)

73.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74.   The Defendants conduct described herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

75.   As a result of the Defendants' conduct, Plaintiff was deprived of his liberty, his right to be free from the excessive use of force, and his right to substantive due process, causing emotional and physical injuries.

76.   As a result of the foregoing, Plaintiff **RASHEEN BAXTER** is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the

13

individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
<u>(Failure to Intervene under 42 U.S.C. §§ 1983 and 1986)</u>

77. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78. The Defendants had an affirmative duty to intervene on behalf of Plaintiff whose constitutional rights were being violated in their presence by other officers.

79. The Defendants failed to intervene to prevent the unlawful conduct described herein.

80. As a result of the Defendants' conduct described herein, Plaintiff's liberty was restricted for an extended period of time, he was physically beaten, he was denied medical care and treatment, he was subjected to unlawful "strip frisk search," he was denied proper food and nourishment, he was denied timely access to the courts, he was denied proper housing conditions, he was placed in fear of his safety, he was subjected to handcuffing and other physical restraints.

81. As a result of the foregoing, Plaintiff **RASHEEN BAXTER** is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus

14

reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C § 1983)

82. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83. Defendants **SGT. IGNAZIO CONCA, CAPTAIN THOMAS KAMPER, CAPTAIN ANTHONY LONGOBARDI, CAPTAIN JOSEPH MEMOLY, LT. STEVEN NICHOLS and CAPTAIN JOSEPH NOTARO** personally caused Plaintiff's constitutional injuries by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

84. As a result of the foregoing, Plaintiff **RASHEEN BAXTER** is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A NINETH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

85. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86. Defendants, collectively and individually, while acting

under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality that is forbidden by the United States Constitution.

87. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, arresting citizens without probable cause and then committing perjury, manufacturing evidence, and/or engaging in falsification in an effort to achieve criminal convictions, promotions and/or additional compensation.

88. In addition, **THE CITY OF NEW YORK** engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees the was the moving force behind the violation of Plaintiff's rights as described herein. As a result of the failure of **THE CITY OF NEW YORK** to properly recruit, screen, train, discipline, and supervise its officers, including the individual Defendants, Defendant **THE CITY OF NEW YORK** has tacitly authorized, ratified and has been deliberately indifferent to, the acts and conduct complained of herein.

89. The foregoing customs, policies, usages, practices, procedures and rules of **THE CITY OF NEW YORK** and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff **RASHEEN BAXTER.**

90. The foregoing customs, policies, usages, practices, procedures and rules of **THE CITY OF NEW YORK** and the New York City

Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff **RASHEEN BAXTER** as alleged herein.

91. The foregoing customs, policies, usages, practices, procedures and rules of **THE CITY OF NEW YORK** and the New York City Police Department were the driving force behind the Constitutional violations suffered by Plaintiff as alleged herein.

92. As a result of the customs, policies, usages, practices, procedures and rules of **THE CITY OF NEW YORK** and the New York City Police Department, Plaintiff was unlawfully arrested, illegally searched, maliciously prosecuted and subjected to the excessive use of physical force.

93. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiff's constitutional rights.

94. All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

    a. To be free from deprivation of liberty without due process of law;

    b. To be free from false arrest/unlawful imprisonment;

    c. To be free from the excessive use of physical force;

    d. To be free from unreasonable searches;

    e. To be free from the failure to intervene; and

    f. To be free from malicious prosecution

95.   As a result of the foregoing, Plaintiff **RASHEEN BAXTER** is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### SUPPLEMENTAL STATE LAW CLAIMS

96.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97.   Within ninety (90) days after one or more claims stated herein accrued, Plaintiff duly served upon, presented to and filed with **THE CITY OF NEW YORK**, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50-e.

98.   **THE CITY OF NEW YORK** has wholly neglected or refused to make an adjustment or payment thereupon and more than thirty (30) days have elapsed since the presentation of such claims.

99.   This action was commenced within one (1) year and ninety (90) days after one or more of the causes of action stated herein accrued.

100.   This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

### AS AND FOR A TENTH CAUSE OF ACTION
(Malicious Prosecution under New York State Law)

18

101. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "100" with the same force and effect as if fully set forth herein.

102. As a result of the Defendants' misconduct described herein, a malicious prosecution was initiated, commenced and continued against Plaintiff **RASHEEN BAXTER** by Defendants.

103. Defendants caused Plaintiff to be prosecuted without probable cause until all charges were dismissed and sealed on or about November 20, 2014.

104. As a result of the foregoing, Plaintiff **RASHEEN BAXTER** is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Negligent Screening, Hiring and Retention Under New York State Law)

105. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "104" with the same force and effect as if fully set forth herein.

106. Defendant **THE CITY OF NEW YORK** owed Plaintiff a duty to act reasonably in the screening, hiring and retention of its police officers generally and those individual named Defendants herein, specifically.

107. Upon information and belief Defendant **THE CITY OF NEW**

19

**YORK** breached its duty to Plaintiff by failing to use reasonable care in their screening, hiring and retention of the individually named Defendants herein.

108. Defendant **THE CITY OF NEW YORK** either knew or should have known in the exercise of reasonable diligence, that the individually named Defendants herein demonstrated and possessed either propensities to engage in wrongful and unlawful conduct like the conduct described herein, or the propensity to fail to appropriately supervise and/or discipline officers under their supervision.

109. As a direct and proximate result of **THE CITY OF NEW YORK's** failures Plaintiff has been subjected to a Malicious Prosecution that terminated in his favor.

110. As a result of the foregoing, Plaintiff **RASHEEN BAXTER** is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Negligent Training and Supervision under New York State Law)

111. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "110" with the same force and effect as if fully set forth herein.

112. Defendant **THE CITY OF NEW YORK** owed Plaintiff a duty to

act reasonably in the training and supervision of its police officers generally and those individual named Defendants herein, specifically.

113. Upon information and belief Defendant **THE CITY OF NEW YORK** breached its duty to Plaintiff by failing to use reasonable care in their training and supervision of the individually named Defendants herein.

114. Defendant **THE CITY OF NEW YORK** either knew or should have known in the exercise of reasonable diligence, that the individually named Defendants herein demonstrated and possessed either propensities to engage in wrongful and unlawful conduct, like the conduct described herein, or the propensity to fail to appropriately supervise and/or discipline officers under their supervision.

115. These propensities should have prompted **THE CITY OF NEW YORK** to cause these individually named Defendants to undergo additional training or heightened supervision to prevent additional conduct on the part of those officers that conforms with their propensities.

116. As a direct and proximate result of **THE CITY OF NEW YORK's** failures Plaintiff has been subjected to a Malicious Prosecution that terminated in his favor.

117. As a result of the foregoing, Plaintiff **RASHEEN BAXTER** is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the

individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(*Respondeat Superior* under New York State Law)

118. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "117" with the same force and effect as if fully set forth herein.

119. Defendant **THE CITY OF NEW YORK** is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct as described herein.

120. As a result of the foregoing, Plaintiff **RASHEEN BAXTER** is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12)

121. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "120" with the same force and effect as if fully set forth herein.

122. As a result of the Defendants' conduct Plaintiff **RASHEEN BAXTER** was deprived of his right to security against

unreasonable searches, seizures and interceptions.

123. As a result of the foregoing, Plaintiff **RASHEEN BAXTER** is entitled to compensatory damages in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A FIFTEENTH CAUSE OF ACTION**
(Violation of N.Y.S. Constitution Article 1 §11)

124. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "123" with the same force and effect as if fully set forth herein.

125. As a result of Defendants' conduct Plaintiff **RASHEEN BAXTER** was deprived of his right to the equal protection of the laws of the State of New York.

126. As a result of the foregoing, Plaintiff **RASHEEN BAXTER** is entitled to compensatory damages in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

*(Continue on next page)*

**WHEREFORE,** Plaintiff **RASHEEN BAXTER** demands judgment and prays for the following relief, jointly and severally, against Defendants:

(A) Compensatory damages in an amount to be determined by a jury;

(B) Punitive damages against the individual defendants in an amount to be determined by a jury;

(C) Reasonable attorney's fees and the costs and disbursements of this action; and

(D) Such other and further relief as appears just and proper.


Dated:    JAMAICA, NEW YORK
          NOVEMBER 19, 2015


                        _____/ S /_____
                        Kareem R. Vessup
                        Law Office of Kareem R. Vessup
                        Esq.
                        Attorney for Plaintiff
                        RASHEEN BAXTER
                        89-31 161st Street, Suite 705
                        Jamaica, NY 11432
                        (718) 219-8744

24

## VERIFICATION

STATE OF NEW YORK      )
                       ) ss.
COUNTY OF NEW YORK     )

    **RASHEEN BAXTER**, being duly sworn, says:

    I am the Plaintiff in the action herein:  I have read the annexed

### AMENDED COMPLAINT

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my personal files.

Dated:    JAMAICA, NEW YORK
           NOVEMBER 20, 2015

                                **Rasheen Baxter**

Subscribed and sworn to before me
on this the 20th day of November 2015

_____
              NOTARY PUBLIC

CAROLYN S CLYNE
Notary Public - State of New York
No. 02CL6110152
Qualified in Kings County
My Comm. Expires May 24, 20 16

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
RASHEEN BAXTER,

                              Plaintiff

                                         15-CV-1027
 - against –                           (RRM)(LB)

THE CITY OF NEW YORK, SGT. IGNAZIO CONCA
Shield No. 906, P.O. CHRISTIAN CATALDO
Shield No. 4133, DET. STEPHEN DIMASSA
Shield No. 4610, P.O. GREGORY HOWARD
Shield No. 18811, CAPT. THOMAS KAMPER,
CAPT. ANTHONY LONGOBARDI, CAPT. JOSEPH
MEMOLY, LT. STEVEN NICHOLS CAPT. JOSEPH
NOTARO and INSPECTOR JOHN SPRAGUE,


                              Defendants.
----------------------------------------X




**AMENDED COMPLAINT**




**LAW OFFICE OF KAREEM R. VESSUP ESQ.**
Attorney for the Plaintiff
89-31 161st Street, Suite 705
Jamaica, New York 11432
(718) 219-8744